### WILLIS ADAMS ET AL. *v.* JOHN K. McCLARY ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—615.]

**Suit to Set Aside Deed Made by Commissioner for Fraud.**

The assignee of property for the benefit of creditors procured an order to sell the lands of the assignor, and a partner of the assignee made the sale to a third partner at a very low price, under a fraudulent agreement between the assignee, the commissioner and purchaser to divide the land. It was held that the assignee, commissioner and purchaser should be treated as trustees of the lands bought by one of them for the use of the assignor's creditors.

### APPEAL FROM ROCKCASTLE CIRCUIT COURT

January 6, 1883.

OPINION BY JUDGE HARGIS:

John S. Adams assigned all of his property to Wm. McClure for sale and payment of his just debts. McClure accepted the trust and filed a petition against the creditors, etc., and obtained a judgment of sale of all the lands, which was made by the master commissioner, Fish, and the appellee, McClary, became the ostensible purchaser.

The evidence shows that the master commissioner, Fish, the trustee, McClure, and the purchaser, McClary, were partners in the purchase made by McClary. It discloses the fact that after the master commissioner, Fish, died a title bond was found amongst his papers, from McClary to him, for one-half interest in the eleven hundred odd acres of land which McClary had purchased at the sale of Adams' property made by Fish as master commissioner; that McClure admitted he had an interest in McClary's purchase, and on one occasion a witness heard the three discussing their interest in the land and McClure declared his interest was worth $700. It is significant that neither McClure nor McClary gave his deposition in the case to disprove these damaging facts which if true show that the law has been violated by them.

This action was brought by Adams and several of his creditors to set aside the sale and nullify the deeds made to McClary for the land so bought, and to compel the master commissioner and McClure to account for the purchase-money which had been paid by innocent purchasers of other tracts of land belonging to Ad-

ams' estate and which were sold under the decree to pay his debt. It appears that, although several tracts were sold to different persons and more than eleven hundred acres to McClary, no distribution of the proceeds were made by the master commissioner, Fish, or the trustee, McClure, or by the court, to the creditors of Adams.

The court compelled the appellants to elect which cause of action they would prosecute, whether against Fish and McClure for the proceeds .of the sale, or McClary and them for the lands bought by him. Without objection, they elected to proceed against the latter and dismissed the former without prejudice. After the evidence was taken, and while the appellees' answer was on file as a defense to the action, the court sustained a demurrer to the petition and amended petition and dismissed appellant's action.

The pleadings were full and explicit in the charge of conspiracy and fraud upon the part of the appellees, McClure, McClary and Fish, in the purchase of the lands at a greatly inadequate price, and if true, as the demurrer admits and the proof establishes, we are unable to see any reason for sustaining the demurrer or in refusing the relief prayed for by the appellants.

This is not an action to vacate the judgment, but is an action to set aside the sale, which is alleged to have been fraudulently made and not discovered until within twelve months before the suit was commenced. It is the undoubted law that McClure, McClary and Fish should be treated as trustees of the lands bought by McClary, for the use of Adams' creditors, if the facts alleged and proven in the record as now prepared are true. But as the court sustained the demurrer and refused to act on the exceptions of appellees to the depositions taken by the appellants, it may be on the return of the cause that appellees will be able to introduce countervailing evidence, and therefore should be allowed to proceed with their defense from the point of filing their exceptions to the depositions as if the demurrer had not been sustained.

Wherefore the judgment is *reversed* with directions to overrule the demurrer and for further proceedings not inconsistent with this opinion.

*Isaac A. Stewart, G. Pease, for appellants.*

*W. O. Bradley, for appellees.*